[Cite as *State ex rel. Shanyfelt v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-2567.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Douglas Shanyfelt, | : | |
| Relator, | : | |
| v. | : | No. 19AP-481 |
| Ohio Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on July 27, 2021

**On Brief**: *Douglas Shanyfelt*, pro se.

**On Brief**: *Dave Yost*, Attorney General, and *George Horvath*, for respondents.

IN MANDAMUS

DORRIAN, P.J.

{¶ 1} In this original action, relator, Douglas Shanyfelt, requests a writ of mandamus ordering respondents Ohio Department of Rehabilitation and Correction and the Bureau of Sentence Computation to credit him with five days earned credit for participation in approved prison programs pursuant to R.C. 2967.193.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondents' motion for summary judgment and deny the requested writ.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the magistrate's findings of fact. Also, we adopt the magistrate's conclusions of law except we do not adopt any conclusion regarding whether respondents abused their discretion when they awarded relator one day of earned credit for each prison program completed.  We do not opine regarding the same.  Rather, because relator did not meet the criteria for mandamus, we adopt the magistrate's recommendation that respondents' motion for summary judgment should be granted and relator's request for a writ of mandamus should be denied.

{¶ 5}   Accordingly, respondents' motion for summary judgment is granted and relator's request for a writ of mandamus is denied.

*Writ of mandamus denied.*

SADLER and LUPER SCHUSTER, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Douglas Shanyfelt, | : | |
| Relator, | : | |
| v. | : | No. 19AP-481 |
| Ohio Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E' S   D E C I S I O N

Rendered on December 17, 2019

*Douglas Shanyfelt,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondents.

IN MANDAMUS
ON MOTION FOR SUMMARY JUDGMENT

{¶ 6}   Relator, Douglas Shanyfelt, has filed this original action requesting this court issue a writ of mandamus ordering respondents, Ohio Department of Rehabilitation and Correction ("ODRC") and the Bureau of Sentence Computation ("BOSC"), to credit him with five days of earned credit for participation in approved prison programs pursuant to R.C. 2967.193.

Findings of Fact:

{¶ 7}    1. Relator is an inmate currently incarcerated at Lebanon Correctional Institution.

{¶ 8}    2. On July 25, 2019, relator filed this petition for a writ of mandamus and declaratory judgment asking this court to order respondents to credit him with five days of earned credit for participation in approved prison programs pursuant to R.C. 2967.193.

{¶ 9}    3. On October 11, 2019, respondents filed evidence pursuant to Loc.R. 13(G). Included therein is the affidavit of Angela Dailey, a correctional records sentence computation auditor with BOSC. Dailey certified that documents attached thereto were accurate copies of records kept in the normal course of business by ODRC.

{¶ 10}    4. Included therein is the September 27, 2019 letter from Dailey to the assistant attorney general.  That letter provides:

> Here is a brief summary of the crimes and sentence computation for the above inmate.
>
> Shanyfelt, was admitted to DRC 8/17/2016 under inmate number A727-928. He was convicted in Franklin County under case number 16CR278 and ordered to serve 1 year for Counts 1, 4 & 6 Receiving Stolen Property felony 5, 1 year for Count 3 Identify Fraud felony 5, with 206 day jail time credit these charges in this case are concurrent with each other. He was ordered to serve 3 years for Burglary felony 2 Count 1 in Franklin County case 15CR1650 with 237 days jail time credit, he was also ordered to serve 11 months on case 12CR845 from Franklin County Count 1 Receiving Stolen Property felony 5 with 33 days jail time credit. All 3 cases were ordered consecutive with each other for a total sentence of 4 years 11 months with 476 total days of jail time credit on these cases. His max expiration of stated term was 3/27/2020.
>
> Shanyfelt pursuant to Administrative Rule 5120-2-06 (K)(1)(r) may earn one day of credit for the most serious offense for which he is incarcerated. Burglary felony of the second degree determined the most serious offense. He has received a total of 19 days of earned credit (1 day for each month [in] March, April, June, July, August, September, October, November and December of 2018 and January, February, March, April and August of 2019 plus 5 days bonus credit given July 1, 2018) and 69 days of HB49 credit making his release date 12/30/2019.
> I have attached his sentencing documentation for your review.

I hope this will be helpful. Please contact me with any questions.

{¶ 11} 5. On November 6, 2019, respondents filed their brief and motion for summary judgment. Respondents assert that relator's writ of mandamus did not demonstrate that he was entitled to a writ ordering respondents to provide him with five days credit for his participation in various prison programming.

{¶ 12} 6. Pursuant to the magistrate's order filed November 7, 2019, the parties were notified that respondents' November 6, 2019 motion for summary judgment would be submitted to the magistrate on November 27, 2019. The parties were instructed to file any evidence and arguments they had by that date.

{¶ 13} 7. Relator did not file any additional evidence other than that which he attached to his complaint and has not filed a memorandum contra to respondents' motion for summary judgment.

{¶ 14} 8. The matter is currently before the magistrate on respondents' motion for summary judgment.

Conclusions of Law:

{¶ 15} For the reasons that follow, it is this magistrate's decision that relator has not demonstrated that he is entitled to a writ of mandamus. This court should grant respondents' motion for summary judgment and deny relator's request for a writ of mandamus.

{¶ 16} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 17} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and

(3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 18} As an initial matter, the magistrate specifically notes that relator has not identified what prison programming he has participated in. Without any evidence of the number and types of programming which relator has participated in and which he has completed, it would be impossible for this court to determine how many days credit relator may or may not be entitled to. However, for the reasons that follow, the magistrate finds that the determination of the number of days credit which a prisoner is provided is discretionary, between one day and five days, and relator has not demonstrated that respondents abused their discretion when they afforded him one day of credit for each program he completed.

{¶ 19} R.C. 2967.193 provides that inmates may earn days of credit toward the satisfaction of their stated prison term for each month during which they participate and complete certain prison programming.

{¶ 20} R.C. 2967.193 provides, in pertinent part:

(A)

(1) Except as provided in division (C) of this section and subject to the maximum aggregate total specified in division (A)(3) of this section, a person confined in a state correctional institution or placed in the substance use disorder treatment program *may provisionally earn one day or five days of credit,* based on the category set forth in division (D)(1), (2), (3), (4), or (5) of this section in which the person is included, *toward satisfaction of the person's stated prison term*, as described in division (F) of this section, *for each completed month during which the person, if confined in a state correctional institution, productively participates in an education program, vocational training, employment in prison industries, treatment for substance abuse, or any other constructive program developed by the department with specific standards for performance by prisoners or during which the person, if placed in the substance use disorder treatment program, productively participates in the program.*
* * *

(2) Unless a person is serving a mandatory prison term or a prison term for an offense of violence or a sexually oriented offense, and notwithstanding the maximum aggregate total specified in division (A)(3) of this section, *a person who successfully completes any of the following shall earn ninety days of credit toward satisfaction of the person's stated prison term or a ten per cent reduction of the person's stated prison term, whichever is less*:

(a) An Ohio high school diploma or Ohio certificate of high school equivalence certified by the Ohio central school system;

(b) A therapeutic drug community program;

(c) All three phases of the department of rehabilitation and correction's intensive outpatient drug treatment program;

(d) A career technical vocational school program;

(e) A college certification program;

(f) The criteria for a certificate of achievement and employability as specified in division (A) (1) of section 2961.22 of the Revised Code.

(3) Except for persons described in division (A)(2) of this section, the aggregate days of credit provisionally earned by a person for program or activity participation and program and activity completion under this section and the aggregate days of credit finally credited to a person under this section shall not exceed eight per cent of the total number of days in the person's stated prison term.

(B) *The department of rehabilitation and correction shall adopt rules that specify the programs or activities for which credit may be earned under this section, the criteria for determining productive participation in, or completion of, the programs or activities and the criteria for awarding credit, including criteria for awarding additional credit for successful program or activity completion, and the criteria for denying or withdrawing previously provisionally earned credit as a result of a violation of prison rules, or program or department rules, whichever is applicable.*

(Emphasis added.)

{¶ 21} Ohio Adm.Code 5120-2-06 mirrors R.C. 2967.193 and specifically identifies the types of programs which qualify for days of earned credit and explains the inmate's responsibilities with regard to the completion of those programs.

{¶ 22} A plain reading of the statute indicates that the determination of the number of days credit which an inmate may earn is discretionary and not mandatory. Specifically, the statute provides in every paragraph that, upon completion of the program, the inmate "may" be awarded one day of credit or "may" be awarded five days of credit. A review of Ohio Adm.Code 5120-2-06 corresponds with the Revised Code provisions. Because it is clear that respondents have discretion concerning the number of days credit which an inmate will receive upon completion of programming, relator cannot show that respondents abused their discretion when they awarded him one day of earned credit for each of the prison programs which he completed. Construing the evidence most strongly in favor of relator, the magistrate finds that respondents have demonstrated that summary judgment in their favor is appropriate.

{¶ 23} Based on the foregoing, it is this magistrate's decision that relator cannot demonstrate that respondents abused their discretion when they awarded him one day of earned credit for the completion of various prison programming. Respondents' motion for summary judgment should be granted and relator's request for writ of mandamus should be denied.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).